UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMMIE D. GORDON, II,

    Plaintiff,

v.                                       Case No. 3:21cv2574-TKW-HTC

LIEUTENANT CARTER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice as malicious for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to disclose his prior litigation.

**I.    FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**

On or about November 2, 2021, Plaintiff filed a handwritten "Civil Rights Complaint" (ECF Doc. 1), which was not accompanied by a motion to proceed *in*

*forma pauperis* or the Court's $402.00 filing as required by Local Rule 5.3. *See* Fla. N.D. Loc. R. 5.3 ("A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed *in forma pauperis*."). Thus, on November 18, 2021, the Court entered an order instructing Plaintiff to, within twenty-one (21) days, file a motion to proceed *in forma pauperis* or pay the full filing fee. ECF Doc. 3. Plaintiff was advised that failure to comply with the order, may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court. Plaintiff did not comply with that order and his time to do has passed.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Plaintiff has not filed anything with the Court since initiating this action over a month ago. Thus, dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules

of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

## II.  PLAINTIFF'S FAILURE TO DISCLOSE HIS LITIGATION HISTORY

As an additional and independent ground for dismissal, Plaintiff also failed to disclose his entire litigation history. Although Plaintiff filed a handwritten complaint, he reproduced some of the required parts of the Court's civil rights complaint form, including the previous litigation section. As a repeat litigant in this District, who has previously used this Court's forms, Plaintiff is aware that full and complete disclosure is required, and anything less than full disclosure will result in dismissal. Despite that knowledge and despite signing his complaint under penalty of perjury, Plaintiff failed to disclose at least three (3) federal cases he previously filed in the Middle District.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect

the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice of the following three (3) federal actions Plaintiff filed but failed to disclose.

*Gordon v. State of Florida*, et al., 3:16cv103 (Middle District of Florida) (§ 2254 habeas petition dismissed with prejudice)

*Gordon v. Secretary, Department of Corrections*, et al., 3:16cv1231 (Middle District of Florida) (§ 2254 habeas petition dismissed with prejudice)

*Gordon v. Warden et al.*, 3:20cv1086 (Middle District of Florida) (civil rights action dismissed without prejudice)

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). As

one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Thus, an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements is to dismiss this case without prejudice. *See Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

Accordingly, it is respectfully RECOMMENDED, that:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's failure to prosecute, Plaintiff's failure to comply with Court orders, and Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 21st day of December, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.