UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMMIE D. GORDON, II**,

    **Plaintiff**,

v.                                          Case No. 3:21cv2574-TKW-HTC

**LIEUTENANT CARTER**, et al.,

    **Defendants**.
_____/

## ORDER

This case is before the Court based on Plaintiff's objection to the magistrate judge's Report and Recommendation (R&R). *See* Doc. 10. The objection was timely filed pursuant to the prison mailbox rule on December 29, 2021, but it was not received by the Clerk until January 11, 2022. And, for some reason, the objection was not added to the docket by the Clerk until January 13, after the Court entered the Order (Doc. 8) adopting the R&R and dismissing this case.

In the interest of justice, the Court will vacate the Order adopting the R&R and the resulting judgment (Doc. 9) and consider the issues raised in the objection de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3). Based on that review, the Court finds that this case is due to be dismissed because the fact that Plaintiff paid the filing fee does not change the fact that Plaintiff failed to fully

disclose his litigation history. Likewise, the fact that Plaintiff attempted to cure the omission of his litigation history through the "Supplement for Section IV" filed with his objection (*see* Doc. 10-1, at 6) does not overcome the fact that he failed to disclose that history in the original complaint. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose cases that he previously omitted from his litigation history because "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form"). Moreover, even if it is true that Plaintiff's failure to fully disclose his litigation history resulted from the destruction of his personal property, Plaintiff acknowledged that he should have attempted to get that information from the Court. *See* Doc. 10, at 1; *see also Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021) ("Plaintiff has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information,

he can (and should) request it from the appropriate clerks' offices before filing a new case.").

Accordingly, it is **ORDERED** that:

1. The Order (Doc. 8) adopting the R&R and the resulting judgment (Doc. 9) are **VACATED**.

2. The R&R (Doc. 4) is adopted and incorporated by reference in this Order.

3. This case is **DISMISSED** without prejudice based on Plaintiff's failure to fully disclose his litigation history.

4. The Clerk shall re-enter judgment in accordance with this Order and then close the case file.

5. No further filings will be considered in this case.

**DONE and ORDERED** this 14th day of January, 2022.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**